IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH L. REESE

       Plaintiff,

v.                                      No. CIV 03-425 ACT/LFG

STATE OF NEW MEXICO
DEPARTMENT OF CHILDREN,
YOUTH AND FAMILIES,

       Defendant.

## MEMORANDUM OPINION AND ORDER RELIEVING PLAINTIFF FROM ORDER OF DISMISSAL OF CASE

**THIS MATTER COMES** before the Court on Plaintiff's Motion to Set Aside the Stipulation of Dismissal of this case. (Doc. No. 33). The Court reviewed the Motion and Response and held an evidentiary hearing on July 12, 2004. Having considered the pleadings, the case law and the evidence presented at the hearing, the Court finds that the Plaintiff's Motion is well taken and will be GRANTED. The Stipulated Order of Dismissal with Prejudice entered of record December 23, 3003 is hereby set aside and the parties are relieved of all consequences of that Order.

At the hearing Plaintiff Kenneth L. Reese (Plaintiff) represented himself *pro se*, as he had in his Motion. Defendant New Mexico Children, Youth and Families Department was represented by its attorney Sean Olivas. Eric Turner, Plaintiff's counsel of record, did not attend the evidentiary hearing.

The testimony established that Plaintiff engaged his attorney Eric Turner by a written contract with a contingency fee agreement. Plaintiff had initially filed his complaint *pro se* on April 8, 2003 but Mr. Turner entered his appearance on Plaintiff's behalf on June 6, 2003. (Doc. No. 9). Subsequent to Mr. Turner's retention, Plaintiff attempted to meet with Mr. Turner on four different occasions. For reasons which were somewhat unclear, Mr. Turner was unavailable to meet with the Plaintiff at their appointment times. At the last scheduled meeting Plaintiff was able to meet with Mr. Turner's paralegal. This meeting took place on Friday, December 12, 2003. Mr. Turner's paralegal discussed written discovery with Plaintiff but said nothing about any concerns Mr. Turner may have had regarding continued representation of Plaintiff. Likewise, there was no mention about a dismissal of Plaintiff's lawsuit.

On or before December 19, 2003, Plaintiff received a letter from Mr. Turner dated December 16, 2003. (Plaintiff's Exhibit 1 from 7/12/04 hearing). The letter stated that Mr. Turner's law firm "is unable to pursue your matter on your behalf" because in Mr. Turner's opinion further litigation would be unsuccessful. The letter further stated that the law firm would "file the necessary paperwork to have the complaint withdrawn without you incurring any penalty in the form of opposing attorney fees." Mr. Turner informed Plaintiff that he was welcome to obtain a copy of his file.

Plaintiff testified that he understood the letter to mean that he was on his own again in his lawsuit and that Mr. Turner would no longer represent him. Plaintiff didn't contact Mr. Turner because he thought further contact would be fruitless. Plaintiff did not understand the letter to mean that Mr. Turner would be dismissing his lawsuit. Instead, on December 19, 2003, Plaintiff filed a *pro se* motion asking the Court to appoint him counsel. (Doc. No. 28). He did not serve a

copy of this motion on either Mr. Turner or the Defendant. Defendant's counsel, Mr. Olivas, did not learn of Plaintiff's motion until about a week after the Stipulated Dismissal had been entered. Defendant's counsel was also unaware of the letter dated December 16, 2003 from Mr. Turner to Plaintiff until Plaintiff filed his Motion to set aside the dismissal.

At the time Mr. Turner wrote his letter of December 16, 2003 there was a pending Motion to Compel regarding interrogatories and a request for production Defendant had served on Plaintiff. The Motion was filed on December 4, 2003. (Doc. No. 27). Mr. Turner had not responded to the Motion on behalf of Plaintiff.

On December 23, 2003, Mr. Olivas called Mr. Turner and left a message that Defendant would be filing a Notice of Completion of briefing of the Motion to Compel since Plaintiff had not filed a Response. Mr. Turner returned the phone call and offered to file a Stipulation of Dismissal with Prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Mr. Olivas accepted the offer, drafted the Stipulation and filed it with Mr. Turner's telephonic approval on that day, December 23, 2003. (Doc. No. 30).

Plaintiff testified that he did not receive a copy of the Stipulation of Dismissal with Prejudice from the Court or from his counsel. He learned that his case had been dismissed when he came to the courthouse approximately a week later to check on his Motion for the Appointment of Counsel. He also learned that Chief Magistrate Judge Lorenzo Garcia had denied his Motion for the Appointment of Counsel as moot because of the entry of the Stipulated Dismissal. (Doc. No. 32).

On April 14, 2004, Plaintiff filed this Motion to set aside the Stipulation of Dismissal with Prejudice asserting that his attorney Mr. Turner had no authority from him to dismiss his lawsuit.

Defendant responded and the Court ordered that the parties appear for an evidentiary hearing. (Docs. No. 34 and 36).

Mr. Turner has not withdrawn his representation of Plaintiff in this case so technically, Plaintiff should not have been able to file his own pleadings or represent himself. D.N.M.LR-Civ. 83.5. However, due to the unusual circumstances of this case, the Court will consider Plaintiff's *pro se* motion to set aside the dismissal of this case under Fed. R. Civ. P. 60(b)(1).

Neither party requested or subpoenaed Mr. Turner to appear at the evidentiary hearing. Defendant's counsel stated that he had relied upon the authority of Mr. Turner to stipulate to the dismissal of the case. He did not know of the December 16th letter to Plaintiff in which Mr. Turner declined to represent Plaintiff anymore and did not know about the Motion filed by Plaintiff for the appointment of new counsel. Defendant's counsel also acknowledged that at no time before or after the filing of the Stipulated Dismissal did Mr. Turner represent that he had authority from the Plaintiff to agree to the Stipulated Dismissal. Defendant's counsel assumed Mr. Turner had such authority based on his representation of Plaintiff.

Defendant takes the position that Plaintiff has lost his opportunity to proceed with this case because he did not re-file his employment discrimination case within ninety days of the stipulated dismissal. Defendant's reliance on this argument is misplaced. Fed. R. Civ. P. 60(b)(1) allows the Court to relieve a partly from a final judgment or order by reason of mistake or inadvertence. The relief, if granted, relieves the party from the operation of the judgment and places the parties back in the position they were as though the final judgment or order had never been entered. Fed. R. Civ. P. 60(b).

From the uncontradicted testimony of the Plaintiff the Court finds that Mr. Turner did not have authority from the Plaintiff to enter into the stipulated dismissal of Plaintiff's lawsuit. When an attorney has acted without authority from his client to the client's detriment, the Court may, in its discretion, set aside and relieve the Plaintiff from the final order of dismissal. *Cashner v. Freedom Stores, Inc.*, 98 F. 3d 572 (10th Cir. 1996). The Court finds that a mistake was made and that in the interest of justice, the Stipulated Dismissal with Prejudice will be set aside and the parties will be relieved from any consequences that resulted from the Stipulated Dismissal.

Having placed the parties back in the place they stood on December 23, 2003, the Court makes the following further orders:

1) Plaintiff's counsel of record, Mr. Turner, will enter an uncontested Motion to Withdraw as Counsel within ten (10) days of the service of this Memorandum Opinion and Order;

2) Plaintiff will find new counsel to represent him and have that counsel file an Entry of Appearance within twenty (20) days of the service of the this Memorandum Opinion and Order or will affirmatively notify the Court and the Defendant of his intention to continue to represent himself (*pro se*) by filing notice that he intends to proceed *pro se*;

3) If representing himself *pro se*, Plaintiff will have a continuing duty to the Court and to the Defendant to notify both of his current address, phone number and other contact numbers;

4) If Defendant wishes to reinstate his Motion to Compel Discovery, Defendant will file a Notice of Reinstatement of the Motion within twenty (20) days of the service of this Memorandum Opinion and Order, and Plaintiff will have twenty (20) days from that date, pursuant to D.N.M.LR-Civ. 7.6, to respond; and

5) All pleadings will contain a Certificate of Service which reflects the date and manner of service upon all parties of record in accordance with Fed. R. Civ. P. 5(d).

 

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE